JAN 5 '15 AM 8:56

STATE OF WISCONSIN CIRCUIT COURT SHEBOYGAN COUNTY

Daniel Gilberson
2727 N. 30th Street
Sheboygan, WI. 53083

Matthew Walsh
W7447 Christine Ct
Plymouth WI 53073

Matthew Braesch
3320 Geele Ave
Sheboygan WI 53083

On Behalf of Themselves and All Others Sharing Questions of Common and General Interest,

Plaintiffs,

v.

City of Sheboygan
828 Center Avenue
Sheboygan, WI. 53081

Defendant.

CIRCUIT COURT BRANCH 3
ANGELA W SUTKIEWICZ
615 NORTH SIXTH STREET
SHEBOYGAN WI 53081

1-5-15
8:56

Case No. 14CV0792

Case Code 30301 (Money Judgment)

CLERK CIRCUIT COURT
FILED
2014 DEC 22 P 2:43
SHEBOYGAN COUNTY
WISCONSIN

## SUMMONS

To each person named above as a defendant:

You are hereby notified that the plaintiffs named above have filed a complaint against you. The complaint, which is attached, states the nature and basis of the legal action.

Within twenty (20) days of receiving this Summons, you must respond with a written Answer, as that term is used in Chapter 802 of the Wisconsin statutes, to the Complaint. The Court may reject or disregard an Answer that does not follow the requirements of the statutes. The Answer must be sent or delivered to the court, whose address is 615 North 6th Street in

Sheboygan, Wisconsin; and to The Previant Law Firm S.C., plaintiff's attorneys, whose address is Post Office Box 12993, Milwaukee, Wisconsin 53212. You may have an attorney help or represent you.

If you do not provide a proper Answer within twenty (20) days, the Court may grant judgment against you for the award of money or other legal action requested in the Complaint, and you may lose your right to object to anything that is or may be incorrect in the Complaint. A judgment may be enforced as provided by law. A judgment awarding money may become a lien against any real estate you own now or in the future, and may also be enforced by garnishment or seizure of property.

Dated this 19th day of December, 2014.

Yingtao Ho (State Bar No. 1045418)
THE PREVIANT LAW FIRM, S.C.
1555 North RiverCenter Drive, Suite 202
Milwaukee, WI 53212
(414) 271-4500

ATTORNEYS FOR PLAINTIFFS

STATE OF WISCONSIN CIRCUIT COURT SHEBOYGAN COUNTY

Daniel Gilberson
2727 N. 30th Street
Sheboygan, WI. 53083

Matthew Walsh
W7447 Christine Ct
Plymouth WI 53073

Matthew Braesch
3320 Geele Ave
Sheboygan WI 53083

On Behalf of Themselves and All Others Sharing Questions of Common and General Interest,

Plaintiffs,

v.

City of Sheboygan
828 Center Avenue
Sheboygan, WI. 53081

Defendant.

Case No. 14CV0792

Case Code 30301 (Money Judgment)

CLERK CIRCUIT COURT
FILED
2014 DEC 22 P 2:43
SHEBOYGAN COUNTY
WISCONSIN

COMPLAINT

Plaintiffs, by their attorneys, for their complaint against the Defendant state as follows:

1. This is a class action suit to seek redress for the Defendant's failure to pay the full amount of regular and overtime wages required by law. The Plaintiffs, who are or were employees of the Defendant, are suing for the Defendant's failure to pay them the full amount of non-overtime wages required by Wis. Stat. §109.03(1) and (5); and for the Defendant's failure to include their over-the-wage-scale bonuses, education bonuses, wages for opting out of the health insurance, and revocable contributions to Health Savings Accounts in calculating their overtime

pay rates, in violation of both the Fair Labor Standards Act, Wis. Stat. §109.03(1) and (5), and DWD §274.03.

PARTIES AND JURISDICTION

2. Each of the named plaintiffs is a current employee of the City of Sheboygan, and a current resident of Wisconsin. Plaintiff Gilbertson at all times relevant to the complaint has been employed by the City of Sheboygan Department of Public Works. Gilbertson received insurance through, and paid insurance premiums to the City of Sheboygan during the years of 2011-2014. FLSA consent forms for the Named Plaintiffs either are attached to, or will be filed with the Court.

3. Pursuant to City of Sheboygan policy, because the wage rate for Gilbertson is higher than the maximum rate for the position that he holds with the City of Sheboygan Department of Public Works, at each annual review Gilbertson is eligible to receive, and has received a bonus in lieu of a wage increase.

4. Plaintiff Walsh at all times relevant to the complaint has been employed by the City of Sheboygan Police Department. Walsh received insurance through, and paid insurance premiums to the City of Sheboygan throughout the years of 2011-2012. During 2012 the City of Sheboygan also made a revocable contribution to Walsh's Health Savings Account.

5. Plaintiff Braesch at all times relevant to the complaint has been employed by the City of Sheboygan Police Department. Braesch did not receive health insurance through the City of Sheboygan during the years of 2011 to 2014. Beginning in the year 2012, Braesch received from the City of Sheboygan a payment of $1,200 per year for opting out of the City health insurance. Beginning in the year 2013, Walsh also received from the City of Sheboygan a payment of $1,200 per year for opting out of the City health insurance.

6. During the years of 2012 through 2014, Plaintiffs Walsh and Braesch received from the City of Sheboygan an annual payment of $600 because of their level of education attained.

7. Plaintiffs Gilbertson and Walsh are appropriate representative of a class described as:

> All current and former full time and part time employees of the City of Sheboygan who made any insurance premium payments to the City of Sheboygan, which remained in the City of Sheboygan's Health Self Insurance Fund on December 30th of 2012, 2013, or 2014.

8. Plaintiff Gilbertson additionally is an appropriate representative of both an opt-in class under the Fair Labor Standards Act and an opt-out class under Wis. Stat. §803.08 described as:

> All current and former full time and part time overtime pay eligible employees of the City of Sheboygan who, on or after January 1, 2012, received bonus payments from the City of Sheboygan in lieu of wage increases because their wage rates were over the maximum rate for their positions, but did not have those bonus payments included in calculating their regular rate for overtime pay.

9. Plaintiffs Walsh and Breasch additionally are appropriate representatives of both an opt-in class under the Fair Labor Standards Act and an opt-out class under Wis. Stat. §803.08 described as:

> All current and former full time and part time overtime pay eligible employees of the City of Sheboygan who, on or after January 1, 2012, received an education bonus from the City of Sheboygan, but did not have those education bonus payments included in calculating their regular rate for overtime pay.

10. Plaintiff Walsh additionally is an appropriate representative of both an opt-in class under the Fair Labor Standards Act and an opt-out class under Wis. Stat. §803.08 described as:

> All current and former full time and part time overtime pay eligible employees of the City of Sheboygan who, on or after January 1, 2012, received a revocable

Health Savings Account contribution from the City of Sheboygan, but did not have those revocable Health Savings Account contributions included in calculating their regular rate for overtime pay.

11. Plaintiff Breasch and Walsh additionally are appropriate representatives of both an opt-in class under the Fair Labor Standards Act and an opt-out class under Wis. Stat. §803.08 described as:

> All current and former full time and part time overtime pay eligible employees of the City of Sheboygan who, on or after January 1, 2012, received a payment from the City of Sheboygan for opting out of the City health insurance plan, but did not have the payment for opting out of the health insurance included, in calculating their regular rate for overtime pay.

12. Defendant City of Sheboygan is a political subdivision of the State of Wisconsin; and is an employer within the meaning of both the Fair Labor Standards Act, 29 U.S.C. §203(d); and within the meaning of Wis. Stat. §109.01(2). City hall for the City of Sheboygan, which serves as its principal place of business, is located at 828 Center Avenue in Sheboygan, Wisconsin.

13. The Court has subject matter jurisdiction over this lawsuit pursuant to 29 U.S.C. §216(b), which grants to state courts concurrent jurisdiction to hear lawsuits arising under the Fair Labor Standards Act; and pursuant to Wis. Stat. §109.03(1) and (5), which authorizes direct lawsuits by employees against their employer for unpaid regular and overtime wages required by the statutes and regulations of the Wisocnsin wage payment laws, Chapter 109 of the statutes and Chapter 274 of the DWD regulations.

14. The Court has personal jurisdiction over all defendants in this action pursuant to Wis. Stat. §801.05(1) and (3) since all of the acts or omissions by the defendants complained of in the complaint occurred in Wisconsin.

15. Venue is proper in Sheboygan County Circuit Court pursuant to Wis. Stat.

§801.50 when the claim arose in, and the Defendant resides, and conducts substantial business in Milwaukee County.

## FACTS

### I. Facts Related to the Payment of Health Insurance Contributions Towards Workers Compensation Premiums and Expenses.

16. At all times relevant to the complaint the City of Sheboygan has made self-insured health and dental insurance coverage available to certain of its full time and part time employees.

17. Beginning on a date unknown to the Plaintiffs, the City of Sheboygan has maintained a Health Self Insured Fund ("Health Fund") into which it deposits all employer and employee health and dental insurance premiums, and out of which it pays all of the claims, administrative expenses, and other costs associated with its health and dental insurance program.

18. Because the City of Sheboygan's insurance program is self-insured, the cost of the full health insurance premium for its employees is set by an actuary, and adopted by the City of Sheboygan Common Council. At all times relevant to the complaint and through the end of 2014, once the premium has been set, represented employees paid a share of the premium set by their collective bargaining agreements, while non-represented employees paid a share of the premium set by the City of Sheboygan.

19. In addition to receiving the employee payment of health and dental insurance premiums, the Health Fund also receives premiums contributions from the City of Sheboygan and/or the various departments of the City of Sheboygan that employ the Plaintiffs, contributions from both Medicare eligible and non-Medicare eligible retirees, and contributions from persons who participate in the City insurance program through COBRA insurance. The Health Self Insurance fund also receives some investment income each year.

20. The Health Fund does not segregate the contributions and premiums that it receives by either the identity of the payer, nor between monies received during the current year and previous years. Consequently, each dollar maintained in the Health Fund has an equal probability of being transferred to the payee, when a payment is made out of the Health Fund.

21. When the Plaintiffs are or were covered by collective bargaining agreements, their hourly wage rates were set by the collective bargaining agreements.

22. Plaintiffs who were not covered by collective bargaining agreements received an annual review with their supervisors/managers, which generally occurred around their anniversary date. During the annual review the Plaintiff would be informed of either a change to his hourly wage rate, or that his hourly wage rate would remain the same for the next year. During the annual reviews the City of Sheboygan did not inform the employees of its right to, and did not make a reservation of right to reduce the wage rates promised during the annual reviews.

23. On the Plaintiffs' paychecks their weekly gross wages are calculated using the wage rates that are required either by the collective bargaining agreements applicable to them, or set by their annual reviews. Once the gross wages are calculated, then deductions including but not limited to the health and dental insurance premiums are made from the gross wages, resulting in the net wage that is actually paid to the employees.

24. The City of Sheboygan therefore counted 100% of the health and dental insurance premiums deducted from the paychecks of the Plaintiffs towards its payment of wages to the Plaintiffs at rates required by their collective bargaining agreements and/or annual reviews.

25. The City of Sheboygan maintains a self-insured Workers Compensation Fund ("Workers Comp Fund"). In October of 2012, the City of Sheboygan Common Council adopted

a resolution providing that there should be a balance of $1.5 million dollars in the Workers Comp Fund, and a combined balance of $4.5 million dollars in the Workers Comp Fund and the Health Fund.

26. Near the end of 2012, as a result of excess premium contributions charged by the Defendant to the Plaintiffs, retirees, COBRA participants, and the Departments of the City of Sheboygan, the Health Fund had a balance in excess of $5.5 million dollars.

27. In order to comply with the Common Council resolution, on December 31, 2012 the City of Sheboygan transferred the amount of $1,622,864 from the Health Fund to the Workers Comp Fund. Once placed in the Workers Comp Fund, the $1,622,864 was earmarked to, and at least some of the monies have already been used to discharge the City of Sheboygan's liabilities imposed by the Wisconsin Workers Compensation Statute, Chapter 102 of the Wisconsin statutes.

28. Calculated proportionally, as necessary given that regardless of source each dollar placed into the Health Self Insurance Fund had an equal probability of being spent at any time, the $1,622,864 transferred from the Health Fund into the Workers Comp Fund included at least $120,000 in health and dental premium payments made by the Plaintiffs in 2012, and at least $25,000 in health and dental premium payments made by the Plaintiffs prior to 2012.

29. On December 31, 2013, the City of Sheboygan transferred $68,795 from the Health Fund into the Workers Comp Fund. Since the Health Fund was not divided between funding sources in 2013, the $68,795 included approximately $5,000 in health and dental premium payments made by the Plaintiffs in 2013, and at least $2,000 in health and dental premium payments made by the Plaintiffs prior to 2013.

30. Upon information and belief, on December 31, 2014 the City of Sheboygan will

transfer a yet to be determined amount from the Health Self Insurance Fund into the Workers Comp Fund. The 2014 transfer will include both health and dental premium payments made by the Plaintiffs in 2014, and health and dental premium payments made by the Plaintiffs prior to 2014.

## II. Facts Related to Bonus Payments to Employees Receiving Wage Rates Higher than the Maximum Rate of the Wage Scale.

31. Pursuant to the City of Sheboygan's most recent compensation plan for non-represented employees, a maximum rate is set for each classification held by the City of Sheboygtan's non-represented employees.

32. During the year of 2012, the City of Sheboygan provided to its non-represented employees, who were already receiving a wage rate higher than the maximum rate for their classification, a mandatory bonus payment. The mandatory bonus payment was made to the Plaintiffs as a substitute for wage increases, which they were not eligible to receive because their wage rate was already higher than the set maximum rate for their respective classifications.

33. Those City of Sheboygan employees who did receive a wage increase for the year 2012 had the wage increase paid to them throughout 2012.

34. A number of employees who received the mandatory bonus payment from the City of Sheboygan in 2012 were covered by a union collective bargaining agreement during 2011, and had received wage increases required by said collective bargaining agreement(s) throughout 2011.

35. Since the City of Sheboygan would not pay employees both a contractual wage increase and a bonus for the same hours worked, the 2012 mandatory Over the Scale Bonus was compensation for the Plaintiffs' work in 2012, rather than their work in 2011.

36. Beginning in 2013, the Plaintiffs who received a wage rate higher than the set

maximum rate for their classification were eligible to receive an annual bonus from the City of Sheboygan, as compensation for their ineligibility for receiving wage increases from the City of Sheboygan. Since the City of Sheboygan would not pay two separate bonuses to its employees for their same hours worked, and the 2012 mandatory bonuses already paid the Plaintiffs for their hours worked in 2012, any 2013 annual bonuses received by the Plaintiffs were compensation for their hours worked in 2013; while any 2014 annual bonuses received by the Plaintiffs were compensation for their hours worked in 2014.

37. During the years of 2013 and 2014, the annual bonuses were paid to the Plaintiffs after their annual reviews, which occurred around the time of their anniversary dates with the City of Sheboygan, and in most cases long before the end of the calendar year covered by the bonus payments.

38. During the years of 2012 through 2014, the City of Sheboygan did not include the Over the Scale Bonuses paid to Plaintiffs in calculating their regular rate of compensation used to calculate their overtime pay entitlement.

**III. Facts Related to Education Bonus Payments.**

39. For many of the Plaintiffs the City of Sheboygan paid an education bonus, directly to the Plaintiffs, for completion of post-secondary education credit hours and/or degrees.

40. In each case the education bonuses were mandated by the applicable collective bargaining agreements and/or policies binding upon the City of Sheboygan.

41. The City of Sheboygan therefore did not retain any discretion to deny the payment of education bonuses to Plaintiffs who had the requisite post-secondary education hours and/or degrees. The education bonuses therefore were contractually required payments rather than gifts.

42. The education bonuses are not earmarked to compensate the Plaintiffs when no work was performed, were not paid to the Plaintiffs as compensation for their work during overtime hours, weekends and other regular days of rest, nor as a premium for the employees' work outside their regular established work days and work hours. Plaintiffs received the education bonuses regardless of when the credits and/or degrees were received; and during each year for the same credits and/or degrees received.

43. During the years of 2012 through 2014, the City of Sheboygan did not include the education bonuses paid to the Plaintiffs in calculating their regular rate of compensation used to calculate their overtime pay entitlement.

**IV. Facts Related to the Health Reimbursement Account Contributions.**

44. During the years of 2012 and/or thereafter, the City of Sheboygan made contributions to the Health Reimbursement Accounts of certain of the Plaintiffs.

45. The contributions made by the City of Sheboygan to its employees' Health Reimbursement Accounts are revocable, given that employees could no longer use the contributions remaining in their Health Reimbursement Accounts once their employment with the City of Sheboygan ends through termination for cause.

46. During the years of 2012 through 2014, the City of Sheboygan did not include the revocable Health Reimbursement Account Contributions paid to the Plaintiffs in calculating their regular rate of compensation used to calculate their overtime pay entitlement.

**V. Facts Related to Bonus Payments for Opting Out of the Health Insurance.**

47. At all times between 2012 and 2014, the City of Sheboygan was required by its collective bargaining agreements and binding policies to pay to the Plaintiffs, who opted out of the City's health insurance, a payment of $1,200 per year in cash. The payments were directly

made to the Plaintiffs, rather than to a third party administrator.

48. Employees who opted out of the City's Health Insurance for a portion of a year, before successfully reenrolling in the City's health insurance received a pro-rated portion of the $1,200 per year cash payment.

49. The City of Sheboygan ore did not retain any discretion to deny the payment of the full or pro-rated portion of the $1,200 per year cash payment, to Plaintiffs who opted out of the Health Insurance. The cash payments for opting out of the health insurance therefore were contractually required payments rather than gifts.

50. The cash payments for opting out of the health insurance were not earmarked to compensate the Plaintiffs when no work was performed, were not paid to the Plaintiffs as compensation for their work during overtime hours, weekends and regular other days of rest, and were not paid to the Plaintiffs as a premium for their work outside their regular established work hours.

51. During the years of 2012 through 2014, the City of Sheboygan did not include the cash payments for opting out of the health insurance, paid to the Plaintiffs in cash, in calculating their regular rate of compensation used to calculate their overtime pay entitlement.

**VI. Collective Action Factual Allegations.**

52. Pursuant to 29 U.S.C. §216(b), the same collective action certification procedures are applicable for the Plaintiffs' FLSA overtime rate calculation claims, regardless of whether those claims are brought in federal or state court.

53. Named Plaintiffs bring their third count for relief under the Fair Labor Standards Act, on own behalf of themselves and all other similarly situated current and former full and part

time employees of the City of Sheboygan ("FLSA Class"), pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b).

54. The proposed FLSA Class will consist of four sub-classes: Those Plaintiffs whose over-the scale bonus payments were not included in calculating their regular rate for overtime pay, those Plaintiffs whose education bonuses were not included in calculating their regular rate for overtime pay, those Plaintiffs whose revocable Health Reimbursement Account contributions paid by the City of Sheboygan were not included in calculating their regular rate for overtime pay, and those Plaintiffs whose cash payments for opting out of the City health insurance were not included in calculating their regular rate for overtime pay.

55. At least one of the named plaintiffs is similarly situated to members of each of the proposed FLSA subclasses, in that they were subject to the City of Sheboygan's common practice, policy, or plan of (a) failing to count their over-scale bonus payments toward their regular rate for overtime pay; (b) failing to count their education bonus payments toward their regular rate for overtime pay; (c) failing to count the revocable Health Reimbursement Account contributions that they received toward their regular rate for overtime pay; and (d) failing to count their cash payments received for opting out of the City health insurance towards their regular rate for overtime pay.

56. For each of the proposed FLSA subclasses, the named plaintiff(s) are similarly situated to the remaining members of the class in that they received cash payments for overtime during the years of 2012 to 2014, so that the City of Sheboygan's identical practices, policies, and plans outlined in the prior paragraph resulted in a diminution of overtime pay received both by the named plaintiffs' and the remaining members of each of the proposed FLSA subclasses.

57. The Plaintiffs' claim for relief for violations of the FLSA may be brought and maintained as an "opt-in" collective action pursuant to Section 16(b) of FLSA, 29 U.S.C. §216(b), for prospective members of each of the four proposed FLSA subclasses that are similarly situated to the named plaintiffs, and have claims that are similar to the named plaintiffs' claims for relief under the FLSA.

58. Following the filing of this Complaint, members of the FLSA Class may sign Consent to Sue forms, and agree to "opt in" as plaintiffs to this litigation.

59. The claims of the named plaintiffs are representative of the claims of members of the FLSA Class in that they were all overtime pay eligible employees of the City of Sheboygan who did not receive the full amount of overtime pay required by the FLSA, as a result of the City of Sheboygtan's unlawful policy, procedure, or plan to exclude portions of their compensation from calculating their regular rate for overtime pay.

60 The names and addresses of the FLSA Class are available from Defendants, and notice should be provided to the FLSA Class via first class mail to their last known address as soon as possible.

## VII. CLASS ACTION ALLEGATIONS PURSUANT TO WIS. STAT. §803.08.

61. Named Plaintiffs bring their Wisconsin law claims on behalf of themselves, as well as all other similarly situated and eligible current and former full time and part time employees of the City of Sheboygan, pursuant to the Wisconsin class action statute, Wis. Stat. §803.08.

62. Plaintiffs propose a Wisconsin class including five sub-classes: Plaintiffs whose health insurance premium payments were indirectly contributed towards defraying the costs of paying for the City of Sheboygan's obligations under the Wisconsin Workers' Compensation

statute, so that they did not receive the full amount of wages required by their collective bargaining agreements and/or annual reviews; Those Plaintiffs whose over-the scale bonus payments were not included in calculating their regular rate for overtime pay; those Plaintiffs whose education bonuses were not included in calculating their regular rate for overtime pay; those Plaintiffs whose revocable Health Reimbursement Account contributions paid by the City of Sheboygtan were not included in calculating their regular rate for overtime pay; and those Plaintiffs whose cash payments for opting out of the City health insurance were not included in calculating their regular rate for overtime pay.

63. The Plaintiffs' claims against the Defendants present questions of common and general interest to all of the Plaintiffs including whether the City of Sheboygan indirectly used deductions from the employees' wages towards its costs of fulfilling its obligations under the Wisconsin Workers Compensation statutes; whether as a result the monies indirectly used to fund Sheboygan's obligations under the Wisconsin Workers Compensation statutes can no longer count as wages paid by the City of Sheboygan to the Plaintiffs, whether the Plaintiffs as a result have received the full amount of wages required by Wis. Stat. §109.03(1) and (5); and whether the City of Sheboygan is permitted by Wisconsin law to exclude certain bonuses, Health Reimbursement Account, and insurance opt-out payments, when calculating the Plaintiffs' regular rate used to calculate their overtime pay.

64. City of Sheboygan employs and employed several hundred employees who paid health insurance premiums to the City of Sheboygan through payroll deductions at all times between 2011 and 2014.

65. During payroll weeks within the past two years, the City of Sheboygan employed at a minimum dozens of employees who received the Over the Scale Bonuses, worked at least

one hour of overtime for which he was paid in cash during a year in which they received the bonuses, and did not receive the correct amount of overtime pay as a result of the City of Sheboygan's unlawful exclusion of the bonuses from calculating the regular rate for the Plaintiffs.

66. During payroll weeks within the past two years, the City of Sheboygan employed at a minimum dozens of employees who received education bonuses, worked at least one hour of overtime for which he was paid in cash during a year in which they received the education bonuses, and did not receive the correct amount of overtime pay as a result of the City of Sheboygan's unlawful exclusion of the bonuses from calculating the regular rate for the Plaintiffs.

67. During payroll weeks within the past two years, the City of Sheboygan employed at a minimum dozens of employees who received the revocable Health Reimbursement Account contributions, worked at least one hour of overtime which he was paid in cash during a year in which they received the contributions, and did not receive the correct amount of overtime pay as a result of the City of Sheboygan's unlawful exclusion of said contributions from calculating the regular rate for the Plaintiffs.

68. During payroll weeks within the past two years, the City of Sheboygan employed at a minimum dozens of employees who received an annual cash payment for opting out of the City health insurance, worked at least one hour of overtime for which he was paid in cash during a year in which they received the cash payment, and did not receive the correct amount of overtime pay as a result of the City of Sheboygan's unlawful exclusion of said annual cash payment from calculating the regular rate for the Plaintiffs.

69. For each of the five proposed subclasses of the Plaintiff's §803.08 class, there are

dozens if not hundreds of members of the proposed subclasses, so that the members of each of the proposed subclasses are very numerous, and it would be impractical to bring all of the Plaintiffs before the Court as individual and separate plaintiffs.

70. The Plaintiffs are adequate representatives of the class in that for each subclass the named class representatives lost legally required compensation as a result of the same City of Sheboygan policies as the remaining members of the subclass, have a direct financial interest in obtaining affirmative answers to the common questions listed in paragraph 65 of the complaint, and have retained experienced and competent counsel to represent the class.

71. The benefits of the class action far outweigh any burdens it would impose in that each of the common questions posed by paragraph 65 of the Complaint can be resolved as a question of law, on a class-wide basis, and based upon largely undisputed background facts; and given that the amount of damages that the Plaintiffs have sustained can be calculated using the payroll and insurance contribution records maintained by the City of Sheboygan.

72. Additionally, given that the amount of damages that individual Plaintiffs have suffered as a result of the Defendant's violation of Wisconsin wage and hour laws are small, when compared to the likely costs of litigating the Plaintiffs' claims against the Defendant, a class action is the only available procedure to make judicial resolution available for the claims of all Plaintiffs; and to ensure that the claims of the Plaintiffs are resolved in a uniform manner, rather than through hundreds of mini-trials resolving the identical factual and legal issues.

**Count I. Failure to Pay Full Amount of Wages Required by Law In Violation of Wis. Stat. §109.03(1) and (5).**

73. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1-72 of the Complaint.

74. The City of Sheboygan transferred monies from the Health Fund, including

employee health and dental insurance premium payments, into the Workers Comp Fund, so that the transferred monies could be, and were used to defray its expenses of complying with its obligations imposed by the Wisconsin Workers' Compensation statute, during at least 2012 and 2013, and upon information and belief in 2014 as well.

75. Pursuant to Wis. Stat. §102.16(3), no wage deductions from the paychecks of employees may be used, directly or indirectly, for the purpose of discharging an employer's obligations imposed by the Wisconsin Workers' Compensation statute.

76. Plaintiff health and dental insurance premium payments, upon their transfer from the Health Fund to the Workers Comp Fund, could no longer constitute wages paid by the City of Sheboygan to its employees.

77. Pursuant to Wis. Stat. §109.03(1) and (5), an employer is required to pay to its employees the full amount of wages owed to them, and no agreement between an employer and either its employees or their bargaining representative can waive the employees' right to the full amount of wages owed to them.

78. Wis. Stat. §109.03(1) and (5) authorizes the collection of wages which became unpaid long after the work that earned the wages had been performed.

79. The City of Sheboygan is required by its collective bargaining agreements, policies, and annual reviews to pay to the Plaintiffs wages at the rates promised to them, for each and every hour that they performed work for the City of Sheboygan.

80. Once a portion of the Plaintiffs' health and dental insurance contributions were transferred by the City of Sheboygan to its Self-Insured Workers Comp Fund, so that he transferred contributions could no longer count towards wages paid by the City of Sheboygan to its employees, the Plaintiffs were no longer receiving the full amount of wages promised by the

City of Sheboygan through its collective bargaining agreements, policies and annual reviews.

81. The Plaintiffs are therefore entitled to recover from the City of Sheboygan the full amount of the difference between the wages that they have received from the City of Sheboygan, once the transfers from the Health Self Insurance Fund to the Workers Compensation Fund during the years of 2012 to 2014 have been taken into account; and the amount of wages that they are entitled to receive, calculated using the rates promised by the City of Sheboygan through its collective bargaining agreements, policies, and annual reviews.

82. The amount of total wages owed to the Plaintiffs equal the full amount of active employee health and dental insurance premium payments transferred by the City of Sheboygan from the Health Fund to the Workers' Comp Fund.

83. In addition, the Plaintiffs are entitled to 50% increased damages for all of their unpaid wages, plus their reasonable attorneys fees and costs of prosecuting their wage claim.

**II. Failure to Pay Correct Amount of Overtime Pay under Wisconsin law.**

84. Plaintiffs re-allege, and incorporate by reference, the allegations contained in paragraphs 1-83 of the complaint.

85. DWD §274.03 provides that for all hours worked over 40 per week, all employees shall receive overtime pay equal to at least one and one half his regular rate. All overtime wages required to be paid by the DWD regulations are enforceable through a lawsuit brought under Wis. Stat. §109.03(5).

86. While no Wisconsin statutes or regulations have defined what constitutes the employees' regular rate, DWD §274.03 is identically worded to 29 U.S.C. §207(a)((2)(C), the provision of the Fair Labor Standards Act requiring the calculation of overtime pay using the employee's regular rate. The same definition of the regular rate under the FLSA therefore is also



Case 2:15-cv-00139-PP Filed 02/03/15 Page 20 of 48 Document 1-1

applicable, when interpreting DWD §274.03 and Wis. Stat. §109.03(5).

87. 29 U.S.C. §207(e) defines the sums paid by the employer to its employees, which can be excluded from determining the regular rate at which the employee is employed. Under §207(e)(3), bonus payments can be excluded from the determination of the regular rate only if they are discretionary rather than mandatory, and only if the bonus payments are determined at or near the end of the period of work for which the bonus serves as payment.

88. Applying §207(e)(3) as interpreted by the United States Department of Labor, the Over-the Scale Bonuses received by the Plaintiffs in 2012 must be included in calculating the Plaintiffs' regular rate because it was a mandatory, rather than a discretionary bonus.

89. Similarly, the Over-the-Scale Bonuses received by the Plaintiffs in 2013 and 2014 were in most cases determined long before the end of the calendar year, the period of work for which the bonus payments served as compensation. The Over-the-Scale bonuses received by the Plaintiffs in 2013 and 2014 therefore must also be included in calculating the Plaintiffs' regular rate.

90. The education bonuses received by the Plaintiffs must be included in calculating the Plaintiffs' regular rate in that they were mandatory rather than discretionary payments, were not designed to compensate the Plaintiffs for periods when no work was performed, were paid directly by the City of Sheboygan to the Plaintiffs rather than to a trustee or third person, were not paid pursuant to a bona fide plan to provide pension or welfare benefits to the Plaintiffs, and were not paid for the Plaintiffs' work during overtime, weekend, or other hours outside the regular established workday or workweek.

91. The cash payments received by the Plaintiffs for opting out of the City health insurance must be included in calculating the Plaintiffs' regular rate in that they were mandatory

rather than discretionary payments, were not designed to compensate the Plaintiffs for periods when no work was performed, were paid directly by the City of Sheboygan to the Plaintiffs rather than to a trustee or third person, were not paid pursuant to a bona fide plan to provide pension or welfare benefits to the Plaintiffs, and were not paid for the Plaintiffs' work during overtime, weekend, or other hours outside the regular established workday or workweek.

92. The Health Reimbursement Account contributions that the City of Sheboygan made to the Plaintiffs cannot constitute irrevocable contributions within the meaning of §207(e)(4), when the Plaintiffs would lose their right to access the contributions, once they were terminated for cause.

93. The Health Reimbursement Account Contributions therefore must be included in calculating the Plaintiffs' regular rate.

94. By failing to comply with the requirements outlined in paragraphs 87 to 93 of the Complaint, the City of Sheboygan paid overtime pay to the plaintiffs at a rate lower than one and one half times the regular rate at which they are employed, for their hours worked over 40 per week that were paid by the City of Sheboygan in cash, in violation of DWD §274.03 and Wis. Stat. §109.03(1) and (5).

95. The Plaintiffs are eligible for, in addition to all overtime pay required by law, 50% of the unpaid overtime pay as increased damages under Wis. Stat. §109.11(2); as well as their actual attorneys fees and costs incurred by prosecuting their wage claims against the City of Sheboygan pursuant to Wis. Stat. §109.03(6).

**III. Failure to Pay Correct Amount of Overtime Pay Under FLSA.**

96. Plaintiffs reallege, and incorporate by reference, the allegations contained in paragraphs 1-95 of the complaint.

97. By failing to include the Over-the Scale Bonuses, Education Bonuses, Revocable Health Reimbursement Account contributions, and cash payments for opting out of the health insurance in the calculation of the Plaintiffs' regular rate for overtime pay, the City of Sheboygan violated 29 U.S.C. §207(a)(2)(C), for the same reasons that its calculation of the regular rate also violated parallel provisions of Wisconsin law.

98. The City of Sheboygan's violation of §207(a)(2)(C) is willful in that it should have known, by conducting a minimal investigation into the exemptions outlined by §207(e) and regulations of the Department of Labor interpreting the exemptions, that non-discretionary bonus payments, discretionary bonus payments that the employees were told they would receive long before the end of the time period covered by the bonus payments, annual education bonuses, revocable health insurance contributions, and cash payments to the employee for declining the City's health insurance are not included within the exemptions listed in §207(e).

99. The Plaintiffs' FLSA claims are therefore subject to the longer three year statute of limitations to seek redress for the City of Sheboygan's willful violations of the FLSA.

100. The Plaintiffs are entitled to receive, in addition to all wages owed to them under the FLSA, 100% of the owed wages as liquidated damages, plus their reasonable attorneys fees and costs of prosecuting their FLSA claims.

WHEREFORE, the Plaintiffs respectfully move the Court to enter an order that:

1. Certifies each of the collective and Wis. Stat. §803.08 classes outlined in this complaint;

2. Awards to the Plaintiffs all wages, liquidated damages and increased wages, and attorneys fees and costs prayed for by the complaint;

3. Awards to the Plaintiffs such other and further relief as the Court deems just and

proper.

Dated this 19th day of December, 2014.

Yingtao Ho (State Bar No. 1045418)
THE PREVIANT LAW FIRM, S.C.
1555 North RiverCenter Drive, Suite 202
Milwaukee, WI 53212
(414) 271-4500

ATTORNEYS FOR PLAINTIFFS

I, DANIEL, hereby consents to participate in the lawsuit against the City of Sheboygan. I understand that this consent will be filed simultaneously with a lawsuit against the City of Sheboygan to recover unpaid overtime compensation, retaliation damages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years as well as the last three years, I have worked for the City of Sheboygan in excess of forty (40) hours in individual work weeks and I have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §201 *et seq.*

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Full Legal Name: DANIEL J. GILBERTSON Dated: 12-19-14

Signed: [signature]




**December 19, 2014**

Via Facsimile 920-459-3921 and U.S. Mail
Honorable Judge Angela Sutkiewicz
Sheboygan County Circuit Court
615 N. 6th St.
Sheboygan, WI 53081

Re: Daniel Gilberson, et al. vs. City of Sheboygan
Case No.: 2014-CV-792

Dear Judge Sutkiewicz:

Enclosed please find the Consent to Opt in And Participate as a named Plaintiff in Suit for Violations of Fair Labor Standards Act signed by Matthew Walsh. The original will be sent via U.S. mail with a copy and a self-addressed stamped envelope. Please file in the above-referenced matter.

Thank you for your cooperation in this matter.

Very truly yours,

THE PREVIANT LAW FIRM, S.C.

*Yingtao Ho*
Yingtao Ho
414-223-0437 (Direct)
yh@previant.com



YH:cyp
Enclosures
s:\docs\cme039\86727\m0708285.docx

P. 414-271-4500 800-841-5232 F. 414-271-6308
1555 NORTH RIVERCENTER DRIVE, SUITE 202, MILWAUKEE, WI 53212
PREVIANT.COM



**Consent to Opt In and Participate as a Named Plaintiff in Suit for Violations of Fair Labor Standards Act**

I, MATTHEW WALSH hereby consents to participate in the lawsuit against the City of Sheboygan. I understand that this consent will be filed simultaneously with a lawsuit against the City of Sheboygan to recover unpaid overtime compensation, retaliation damages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years as well as the last three years, I have worked for the City of Sheboygan in excess of forty (40) hours in individual work weeks and I have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §201 *et seq.*

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Full Legal Name: MATTHEW P. WALSH Dated: 12/23/14

Signed: [signature]




December 19, 2014




Via Facsimile 920-459-3921 and U.S. Mail
Honorable Judge Angela Sutkiewicz
Sheboygan County Circuit Court
615 N. 6th St.
Sheboygan, WI 53081

Re: Daniel Gilberson, et al. vs. City of Sheboygan
Case No.: 2014-CV-792

Dear Judge Sutkiewicz:

Enclosed please find the Consent to Opt in And Participate as a named Plaintiff in Suit for Violations of Fair Labor Standards Act signed by Matthew Walsh. The original will be sent via U.S. mail with a copy and a self-addressed stamped envelope. Please file in the above-referenced matter.

CLERK CIRCUIT COURT
FILED
2015 JAN -8 P 3:04
SHEBOYGAN COUNTY
WISCONSIN

Thank you for your cooperation in this matter.

Very truly yours,

THE PREVIANT LAW FIRM, S.C.

*Yingtao Ho*

Yingtao Ho
414-223-0437 (Direct)
yh@previant.com

Ok
9W3

YH:cyp
Enclosures
s:\docs\cme039\86727\m0708285.docx

Consent to Opt In and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act

I, MATTHEW WALSH hereby consents to participate in the lawsuit against the City of Sheboygan. I understand that this consent will be filed simultaneously with a lawsuit against the City of Sheboygan to recover unpaid overtime compensation, retaliation damages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years as well as the last three years, I have worked for the City of Sheboygan in excess of forty (40) hours in individual work weeks and I have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §201 *et seq*.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Full Legal Name: MATTHEW P. WALSH Dated: 12/23/14

Signed: [signature]




January 13, 2015

RECEIVED
JAN 2015
Sheboygan County Circuit Court Branch 3

Via Facsimile 920-459-3921 and U.S. Mail
Honorable Judge Angela Sutkiewicz
Sheboygan County Circuit Court
615 N. 6th St.
Sheboygan, WI 53081

Re: Daniel Gilberson, et al. vs. City of Sheboygan
Case No.: 2014-CV-792

Dear Judge Sutkiewicz:

Enclosed with this letter please find 18 consent forms signed by City of Sheboygan employees to participate in the Fair Labor Standards Act portion of the above referenced case. Unlike prior consents filed with the Court, these 18 consents are signed by individuals who are not named plaintiffs in the lawsuit. These consents therefore take in effect, and the 18 City of Sheboygan employees can participate in the FLSA claims, only if the Court certifies an opt-in collective action for the FLSA claims in the complaint. See 29 U.S.C. §216(b).

Because the statute of limitations on the FLSA claims are calculated based on the date that the opt-in forms are filed with the Court, as the plaintiffs receive additional opt-in forms signed by other City of Sheboygan employees, they will be filed with the Court as soon as possible following receipt.

CLERK CIRCUIT COURT
FILED
2015 JAN 14 P 2:32
SHEBOYGAN COUNTY
WISCONSIN

Thank you for your cooperation in this matter.

Very truly yours,

THE PREVIANT LAW FIRM, S.C.

*Yingtao Ho*

Yingtao Ho
414-223-0437 (Direct)
yh@previant.com

YH:cyp
Enclosures
s:\docs\cme039\86727\m0711574.docx

P. 414-271-4500 800-841-5232 F. 414-271-6308
1555 NORTH RIVERCENTER DRIVE, SUITE 202, MILWAUKEE, WI 53212
PREVIANT.COM





Consent to Opt in and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act

I, Ryan Schneider hereby consents to participate in the lawsuit against the City of Sheboygan. I understand that this consent will be filed simultaneously with a lawsuit against the City of Sheboygan to recover unpaid overtime compensation, retaliation damages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b)

During the last two years as well as the last three years, I have worked for the City of Sheboygan in excess of forty (40) hours in individual work weeks and I have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §201 *et seq*.

By signing and returning this consent to sue I understand that I will be represented by The Previant Law Firm, s.c.

Full Legal Name: Ryan J. Schneider Dated: 1-9-15

Signed: Ryan Schneider

Consent to Opt In and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act

I, ______________, hereby consents to participate in the lawsuit against the City of Sheboygan. I understand that this consent will be filed simultaneously with a lawsuit against the City of Sheboygan to recover unpaid overtime compensation, retaliation damages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years as well as the last three years, I have worked for the City of Sheboygan in excess of forty (40) hours in individual work weeks and I have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §201 *et seq*.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Full Legal Name: DANIEL RICHARD BILLMANN Dated: 1-6-15

Signed: [signature]

Consent to Opt In and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act

I, John Klemme hereby consents to participate in the lawsuit against the City of Sheboygan. I understand that this consent will be filed simultaneously with a lawsuit against the City of Sheboygan to recover unpaid overtime compensation, retaliation damages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years as well as the last three years, I have worked for the City of Sheboygan in excess of forty (40) hours in individual work weeks and I have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §201 *et seq.*

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Full Legal Name: John Alan Klemme Dated: 1/6/2015

Signed: [signature]

Consent to Opt In and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act

I, mark Strauss, hereby consents to participate in the lawsuit against the City of Sheboygan. I understand that this consent will be filed simultaneously with a lawsuit against the City of Sheboygan to recover unpaid overtime compensation, retaliation damages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years as well as the last three years, I have worked for the City of Sheboygan in excess of forty (40) hours in individual work weeks and I have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §201 *et seq.*

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Full Legal Name: mark Dennis Strauss Dated: 1/8/15

Signed: [signature]

Consent to Opt In and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act

I, John Bridges, hereby consents to participate in the lawsuit against the City of Sheboygan I understand that this consent will be filed simultaneously with a lawsuit against the City of Sheboygan to recover unpaid overtime compensation, retaliation damages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U S C §201 *et seq* This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years as well as the last three years, I have worked for the City of Sheboygan in excess of forty (40) hours in individual work weeks and I have not been paid all of the overtime wages owed to me pursuant to 29 U S C §201 *et seq*

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s c

Full Legal Name: John L Bridges Dated: 1-6-15

Signed: [signature]

Consent to Opt in and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act

I, ____________ hereby consents to participate in the lawsuit against the City of Sheboygan I understand that this consent will be filed simultaneously with a lawsuit against the City of Sheboygan to recover unpaid overtime compensation, retaliation damages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U S C §201 *et seq* This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C § 216(b)

During the last two years as well as the last three years, I have worked for the City of Sheboygan in excess of forty (40) hours in individual work weeks and I have not been paid all of the overtime wages owed to me pursuant to 29 U S.C. §201 *et seq*

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Full Legal Name: ____________ Dated: ____________

Signed: ____________

Consent to Opt in and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act

[signature], hereby consents to participate in the lawsuit against the City of Sheboygan. I understand that this consent will be filed simultaneously with a lawsuit against the City of Sheboygan to recover unpaid overtime compensation, retaliation damages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U S C §201 *et seq* This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U S C. § 216(b)

During the last two years as well as the last three years, I have worked for the City of Sheboygan in excess of forty (40) hours in individual work weeks and I have not been paid all of the overtime wages owed to me pursuant to 29 U S C §201 *et seq*

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c

Full Legal Name [handwritten] Dated: [handwritten]

Signed: [signature]

Consent to Opt In and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act

I, mike Marber hereby consents to participate in the lawsuit against the City of Sheboygan. I understand that this consent will be filed simultaneously with a lawsuit against the City of Sheboygan to recover unpaid overtime compensation, retaliation damages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years as well as the last three years, I have worked for the City of Sheboygan in excess of forty (40) hours in individual work weeks and I have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §201 *et seq.*

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Full Legal Name: MICheal R MARVER Dated: 1-6-15

Signed: [signature]

Consent to Opt In and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act

I, Brian Schmitt hereby consents to participate in the lawsuit against the City of Sheboygan. I understand that this consent will be filed simultaneously with a lawsuit against the City of Sheboygan to recover unpaid overtime compensation, retaliation damages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years as well as the last three years, I have worked for the City of Sheboygan in excess of forty (40) hours in individual work weeks and I have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §201 *et seq.*

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Full Legal Name: Brian D Schmitt Dated: 1/6/15

Signed: [signature]

Consent to Opt In and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act

I, Jeffrey A. Leonhard, hereby consents to participate in the lawsuit against the City of Sheboygan. I understand that this consent will be filed simultaneously with a lawsuit against the City of Sheboygan to recover unpaid overtime compensation, retaliation damages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U S C. §201 *et seq.* This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U S C § 216(b)

During the last two years as well as the last three years, I have worked for the City of Sheboygan in excess of forty (40) hours in individual work weeks and I have not been paid all of the overtime wages owed to me pursuant to 29 U S C §201 *et seq*

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Full Legal Name Jeffrey A. Leonhard Dated 1-7-15

Signed: [signature]



Consent to Opt In and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act

I, Jason Harris hereby consents to participate in the lawsuit against the City of Sheboygan. I understand that this consent will be filed simultaneously with a lawsuit against the City of Sheboygan to recover unpaid overtime compensation, retaliation damages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years as well as the last three years, I have worked for the City of Sheboygan in excess of forty (40) hours in individual work weeks and I have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §201 *et seq*.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Full Legal Name: Jason Harrison Dated: Jan 7 2015

Signed: [signature]

Consent to Opt In and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act

I, Michael Bender hereby consents to participate in the lawsuit against the City of Sheboygan. I understand that this consent will be filed simultaneously with a lawsuit against the City of Sheboygan to recover unpaid overtime compensation, retaliation damages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years as well as the last three years, I have worked for the City of Sheboygan in excess of forty (40) hours in individual work weeks and I have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §201 *et seq*.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Full Legal Name: Michael W. Bender Dated: 1-6-15

Signed: [signature]

Consent to Opt In and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act

I, Thomas Perl, hereby consents to participate in the lawsuit against the City of Sheboygan. I understand that this consent will be filed simultaneously with a lawsuit against the City of Sheboygan to recover unpaid overtime compensation, retaliation damages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U S C §201 *et seq* This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b)

During the last two years as well as the last three years, I have worked for the City of Sheboygan in excess of forty (40) hours in individual work weeks and I have not been paid all of the overtime wages owed to me pursuant to 29 U S C. §201 *et seq*

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Full Legal Name: Thomas Perl Dated: 1-7-15

Signed: [signature]

Consent to Opt In and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act

I, Larry Drews, hereby consents to participate in the lawsuit against the City of Sheboygan. I understand that this consent will be filed simultaneously with a lawsuit against the City of Sheboygan to recover unpaid overtime compensation, retaliation damages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years as well as the last three years, I have worked for the City of Sheboygan in excess of forty (40) hours in individual work weeks and I have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §201 *et seq.*

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Full Legal Name: Larry Lee Drews Dated: 1-6-15

Signed: [signature]

Consent to Opt In and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act

I, ____________, hereby consents to participate in the lawsuit against the City of Sheboygan. I understand that this consent will be filed simultaneously with a lawsuit against the City of Sheboygan to recover unpaid overtime compensation, retaliation damages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq*. This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years as well as the last three years, I have worked for the City of Sheboygan in excess of forty (40) hours in individual work weeks and I have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §201 *et seq*.

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Full Legal Name: ____________________ Dated: ____________

Signed: ____________________

Consent to Opt in and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act

I, Thomas Pitsch hereby consents to participate in the lawsuit against the City of Sheboygan I understand that this consent will be filed simultaneously with a lawsuit against the City of Sheboygan to recover unpaid overtime compensation, retaliation damages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U S C §201 *et seq* This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U S C § 216(b)

During the last two years as well as the last three years, I have worked for the City of Sheboygan in excess of forty (40) hours in individual work weeks and I have not been paid all of the overtime wages owed to me pursuant to 29 U S C §201 *et seq*

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c

Full Legal Name: Thomas George Pitsch Dated: 1/7/15

Signed: Thomas George Pitsch

Consent to Opt In and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act

I, [illegible] hereby consents to participate in the lawsuit against the City of Sheboygan I understand that this consent will be filed simultaneously with a lawsuit against the City of Sheboygan to recover unpaid overtime compensation retaliation damages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U S C §201 *et seq* This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S C. § 216(b).

During the last two years as well as the last three years, I have worked for the City of Sheboygan in excess of forty (40) hours in individual work weeks and I have not been paid all of the overtime wages owed to me pursuant to 29 U S.C §201 *et seq*

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s c

Full Legal Name: [illegible] Dated [illegible]

Signed: [illegible]

Consent to Opt In and
Participate as a Named Plaintiff in Suit for
Violations of Fair Labor Standards Act

I, Scott Tetschlag hereby consents to participate in the lawsuit against the City of Sheboygan. I understand that this consent will be filed simultaneously with a lawsuit against the City of Sheboygan to recover unpaid overtime compensation, retaliation damages, liquidated damages, and other damages and relief available under the Fair Labor Standards Act, 29 U.S.C. §201 *et seq.* This written consent is intended to serve as my consent in writing to join in this lawsuit and become a party plaintiff as required by 29 U.S.C. § 216(b).

During the last two years as well as the last three years, I have worked for the City of Sheboygan in excess of forty (40) hours in individual work weeks and I have not been paid all of the overtime wages owed to me pursuant to 29 U.S.C. §201 *et seq.*

By signing and returning this consent to sue, I understand that I will be represented by The Previant Law Firm, s.c.

Full Legal Name: Scott Henry Tetschlag Dated: 1-7-15

Signed: [signature]